**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RYAN JAMAL SPENCER, | ) | NO. ED CV 13-3245 GAF (AS) |
| Petitioner, | ) | |
| v. | ) | **ORDER ACCEPTING FINDINGS,** |
| E VALENZUELA, Warden, | ) | **CONCLUSIONS AND RECOMMENDATIONS OF** |
| Respondent. | ) | **UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records and files herein, and the Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

In his objections, Petitioner contends that because the parole hearing officer's finding that Petitioner was guilty of theft of state property may later lead to the denial of parole in the future, that

finding violates the Double Jeopardy Clause. Petitioner did not raise this argument in the state habeas petition he filed in the California Supreme Court and it is therefore an unexhausted claim subject to dismissal. However, the Court also finds that on the merits, Petitioner's double jeopardy claim fails.[1] The Ninth Circuit has stated that the withholding of good time credit and "[r]evocation of parole or probation [are] . . . not [considered to be] punishment for the conduct leading to the [withholding of credit or] revocation." See United States v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995). This is because such sanctions merely alter the conditions under which the underlying sentence is served. Id. at 104-05. Therefore, the withholding of good time credit and the denial of parole do not constitute multiple punishments for Petitioner's theft of state property and cannot serve as the basis of a Double Jeopardy challenge.

Petitioner also re-asserts the following arguments raised in the petition: that the parole hearing officer's finding of guilt lacked sufficient evidence and that the parole hearing officer was biased against Petitioner due to his incentive to ensure that California's prisons remain overcrowded. These arguments were addressed in and rejected by the Report and Recommendation and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

---

[1] When it is "perfectly clear" that a petitioner's claim does not raise "even a colorable federal claim," the federal court may deny the claim on the merits rather than dismiss for failure to exhaust. Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005);

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner at his current address of record and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 8, 2013.

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE